

October 13, 2023

*Via ECMF electronic filing*
The Honorable George C. Hanks, Jr.
United States District Judge
515 Rusk Street, Room 6202
Houston, Texas 77002

> Re:  Case No. 4:23-cv-03681 *Barbers Hill Independent School District v. Darresha G. a/n/f D.G.*, In the United States District Court, Southern District of Texas, Houston Division

Dear Judge Hanks:

I am writing today in conformance with the Court's Procedure 6.B. on behalf of Plaintiff Barbers Hill Independent School District ("District"). The District requests a pre-motion conference in anticipation of its intent to file a Motion to Remand this action to the state district court, and respectfully asserts that this Court lacks jurisdiction, as the case Defendant seeks to remove involves no question of federal law.

As this Court is aware, the District has a dress and grooming policy that requires male students to wear their hair at a length not to exceed the t-shirt collar, eyebrows, and earlobes. On September 1, 2023, the newly-enacted Texas CROWN Act ("Act") went into effect. House Bill 567, Act of the 88th Texas Legislature (May 27, 2023), codified at TEX. EDUC. CODE §25.902. The Act prohibits school dress codes from regulating protective hair styles commonly associated with race, including locks, braids, and twists. The Act is silent on the question of hair length. While the District permits male students to wear locks, braids, and twists, it regulates the length of hair that may be worn in those styles.

D.G. is a male student who enrolled in the District for the first time this fall. D.G. wears his hair in a protective hair style, but at a length that exceeds the permissible male hair length under the District's dress and grooming policy. D.G. asserts that his hair length is protected by the Act. In order to resolve the question of whether the Act limits the District's hair length regulation, the District filed a petition for declaratory judgment in state district court, Chambers County, Texas, on September 21, 2023. Doc. 3-1. Darresha G. was named as the Defendant, in her capacity as next friend of D.G., who was a minor at the time suit was filed; he has since attained the age of 18 years. No federal claims were raised in Plaintiff's state court petition.

In response to the declaratory judgment action, Defendant Darresha G. filed an answer and permissive counterclaims, including state and federal claims against the District, seeking declaratory and injunctive relief in her own right in the Chambers County suit. In her answer and counterclaims, Darresha G. inverted the parties in the style of the suit, identifying herself as the "plaintiff". Doc. 3-2.

Defendant Darresha G. also filed a notice of removal, which was subsequently amended to cure defects in the original filing. Docs. 3-3, 3. In all of her pleadings, Defendant Darresha G.

mistakenly identifies herself as the "plaintiff" in the case style. In the Federal Court's electronic filing system, Defendant also misidentified herself as the "plaintiff" and further misrepresented that the removal was by agreement. Doc. 1.

The District asserts that it is entitled to have this matter remanded to the Chambers County District Court, as it is well-settled that a defendant's counterclaims do not confer jurisdiction on a Federal court supporting removal. A defendant may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); *Gasch v. Hartford Accident & Indemnity Co.,* 491 F.3d 278, 282 (5th Cir. 2007); *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008). Original jurisdiction may be federal question jurisdiction under 28 U.S.C. § 1331. However, a cause of action arises under federal law only when the *plaintiff's* well-pleaded complaint raises an essential element of federal law. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). To determine whether removal is proper, the Court must limit its analysis to the plaintiff's pleading as it exists at the time of the petition for removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537–38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir.1995).

Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the *plaintiff's* statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908) (emphasis added). Federal jurisdiction cannot be predicated on an actual or anticipated defense, nor can it rest upon an actual or anticipated counterclaim. *Id., Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826, (2002). The Supreme Court has noted that it would undermine the clarity and simplicity of the "well-pleaded complaint" rule if federal courts were obliged to consider the contents not only of the complaint but also of responsive pleadings in order to determine whether a case "arises under" federal law; the well-pleaded complaint rule does not allow a defendant to remove a case "simply by raising a federal counterclaim." *Holmes Group,* 535 U.S. at 832; *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 10, (1983) ("The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction."); *Vaden v. Discover Bank*, 556 U.S. 49, 60-61 (2009). Put another way, Title 28 U.S.C. §1446 authorizes removal only by defendants and only on the basis of claims brought *against* them, and not on the basis of counterclaims asserted *by* them. *Ballard's Serv. Ctr., Inc. v. Transue*, 865 F.2d 447 (1st Cir. 1989).

Defendant Darresha G. as the removing party bears the burden of showing that federal question subject matter jurisdiction exists, and that removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002); *Daimler Chrysler Corp. v. Cuno,* 547 U.S. 332, 342 (2006); *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008); *In re Hot-Hed Inc.,* 477 F3d 320, 323 (5th Cir. 2007). Any doubts must be construed against removal because the removal statute is strictly construed in favor of remand. *Id., Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc.,* 81 F. Supp. 3d 543, 549-50 (S.D. Tex. 2015); *Ford v. Property & Cas. Ins. Co. of Hartford*, 2009 WL 4825222 (S.D. Tex. Dec. 9, 2009). The Federal court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F. 3d 912, 916 (5th Cir.), *cert denied*, 534 U.S. 993 (2001), *citing Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382 (5th Cir. 2005). Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets, 313*

*U.S. 100, 108-09 (1941); Gutierrez, 543 F.3d at 251; Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281-82 (5th Cir. 2007).*

Defendant Darresha G. cannot show that the plaintiff has raised federal claims in the state court suit; accordingly, this Court lacks subject matter jurisdiction.

Further, by taking action to further the prosecution of her counterclaims in State court, Defendant waived any right to removal. By filing permissive counterclaims in the State Case, Defendant Darresha G. has engaged in substantive defensive action in that case, subjecting her to the continuing jurisdiction of the State district court: "A defendant may waive the right to remove by taking … substantial defensive action in the state court before petitioning for removal." *Aqualon Co. v. Mac Equip.,* 149 F.3d 262, 264 (4th Cir.1998). Defendants may waive their right to remove an action to Federal court "by proceeding to defend the action in state court or otherwise invoking the process of that court." *Jacko v. Thorn Americas, Inc.,* 121 F. Supp. 2d 574, 576 (E.D. Tex. 2000); *Badaiki v. Schlumberger Holdings Corp.,* 512 F. Supp. 3d 741, 745 (S.D. Tex. 2021). Where a defendant voluntarily elects to file permissive counterclaims in the State court, for example, the defendant waives removal by voluntarily availing herself of the state court's jurisdiction. *Virginia Beach Resort & Conference Ctr. Hotel Ass'n v. Certain Interested Underwriters at Lloyd's, London Subscribing to Certificate No AS65009VAP00047,* 812 F. Supp. 2d 762, 765-66 (E.D. Va. 2011); *Landry v. Cross Country Bank,* 431 F. Supp. 2d 682, 687 (S.D. Tex. 2003).

The parties have attempted to confer on this matter on a couple of occasions. More specifically, counsel for Plaintiff Barbers Hill ISD has asked counsel for Defendant Darresha G., as next friend for D.G., to consent to dismiss Darresha G. as D.G.'s representative, which request was denied. Counsel for Plaintiff has asked counsel for Defendant via electronic mail communications and has attempted on multiple occasions to converse with Counsel for Defendant by telephone to discuss Plaintiff's request that Defendant withdraw Defendant's notice of removal, correct the style of the pleadings to properly identify the Plaintiff and Defendant to this suit and to correct the designation of the parties in the electronic filing system, as well as correcting the designation of the Amended Notice of Removal as an "agreed" motion. Counsel have been unable to resolve any of these matters by agreement (see attached).

Plaintiff Barbers Hill ISD requests that this case be remanded to State district court.

Sincerely yours,

Sara Hardner Leon
Lead Attorney for Plaintiff
Barbers Hill Independent School District