

# The Booker Law Firm

1200 Rothwell • Houston, Texas 77002
Tel:713-292-2225 • Fax:713-583-3995
booker@bookerlawfirm.com • www.bookerlawfirm.com
*"If You're In the Cooker, Call Allie Booker"*

**10-12023**

<u>*Via ECMF electronic filing*</u>
The Honorable George C. Hanks, Jr.
United States District Judge
515 Rusk Street, Room 6202
Houston, Texas 77002

<u>*Letter regarding Pre-Trial Motion/Injunction Hearing*</u>

To Whom It May Concern:

      Counter plaintiffs, Darresha George and Darryl George, are writing this letter to the Court in an effort to request a pre-trial conference for an emergency motion for injunction in this case. This case stems from a declaratory judgment that was filed against Counter plaintiffs in Chambers County State Court. Counter plaintiffs filed a countersuit which contains federal questions against BHISD.

The case was removed to federal court because:

1. the counterclaims contain federal questions; and
2. a State Court does not have subject matter jurisdiction as it does not have the authority to restrict the interpretation of a newly made law (that is clear on its face), as this duty belongs to the legislature which authored it.

Plaintiffs, in their state declaratory judgment, move the Court to limit the breadth of the law on its face. The Court cannot do that without the Legislature first addressing the interpretation issue, if there is one. The sponsor of the CROWN ACT and other co-sponsors have consistently stated that length is covered by THE CROWN ACT and that any school enforcement of a school dress or grooming code as it relates to length and THE CROWN ACT is unlawful.

   The federal court can apply federal law to the matter at hand. Federal courts have issued a warning that the dress and grooming code, on its face, seems discriminatory, and that Plaintiffs in other cases, who have sued this same party and for these same reasons.

      The District maintains and regularly revises a dress and grooming code that outlines the standards to which students are held. The dress and grooming code includes a hair length policy, which provides in relevant part: Male students' hair will not extend, at any time, below the eyebrows, or below the ear lobes when let down. Male students' hair must not extend below the top of a t-shirt collar or be gathered or worn in a style that would allow the hair to extend below the top of a t-shirt collar, below the eyebrows, or below the ear lobes when let down.

      District administrators discipline students who violate the dress and grooming code as those administrators in extremely harsh manners including but not limited to Alternative Learning Centers (DAEP), ISS, After-school detention, denial of tutoring, denial of classroom instruction, and denial of club/sports/extracurricular programs.

      Mr. George is being severely punished by school administration and is being unethically hazed by adults with the intent to disturb his morale and cause intentional infliction of emotional distress to both he and his ailing mother.

      The school and district also unequally enforces their grooming codes against black males students, while whites and other races are not being held to district standards (with the dress and grooming code). Defendant, Darryl George has been unnecessarily harassed by principals, assistant principals, communications professionals and other adults employed by the school and school district. The policy bears primarily on race discrimination, gender/sex claims and is a direct violation of the Crown Act as instituted (as of September 1, 2023).

      The policy of BHISD pretextually focuses on the current hair length. For hair violations, students have until the following school day to correct the violation after serving their required ISS sentence. Darryl George has been in ISS for months (since August 3, 2023) and has been repeatedly denied access to teaching materials and teaching instruction (since August 31, 2023). Mr. Darryl George was referred to DAEP on 10/10/2023 as retaliation for Counsel refusing to agree to remand the case after the District sent correspondence to news media outlets, Darryl George, his mother, and Counsel, stating that they would not send him to DAEP. The District has repeatedly and with malicious intent, disciplined him excessively for violating the dress and grooming code by assigning him to in-school suspension and now, DAEP. The District has been told in other proceedings regarding their grooming code, that they should refrain from these disciplinary measures until the DeAndre Arnold Case, is concluded. The District has ignored the Court's ruling with respect to their institute of discipline in instances and with cases like this.

In addition, Counter plaintiffs, wish to now assert a claim of retaliation for the institution of harsher punishment in response to Defendants acts of filing complaints, lawsuits, and refusing to agree with proposed legal motions as requested by BHISD, since the inception of the lawsuits filed.

                                                                     Respectfully submitted,

**THE BOOKER LAW FIRM**

*/s/ Allie R. Booker*

**ALLIE R BOOKER**
State Bar No. 24071071
Federal Bar No. 1089873
1200 Rothwell Street
Houston, Texas 77002
(713) 292-2225 office
(713) 583-3999 facsimile
booker@bookerlawfirm.com