# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| BARBERS HILL INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO.: 4:23-cv-03681 |
| DARRESHA G. on behalf of D.G., a minor child, | § § § § | |
| Defendant. | § § | |

# PLAINTIFF BARBERS HILL INDEPENDENT SCHOOL DISTRICT'S MOTION TO REMAND

# Table of Contents

I. Nature of the Proceeding ........................................................................... 1
II. Summary of the Argument ........................................................................ 1
III. Facts ............................................................................................................ 2
IV. Removal is Improper; ............................................................................... 6
V. Conclusion and Prayer ............................................................................ 14

# Table of Authorities

**Case**                                                                                                    **Page(s)**

*Aqualon Co. v. Mac Equip.,* 149 F.3d 262, 264 (4th Cir.1998) ........................................... 13

*Badaiki v. Schlumberger Holdings Corp.,* 512 F. Supp. 3d 741, 745 (S.D. Tex. 2021) ........ 13

*Ballard's Serv. Ctr., Inc. v. Transue,* 865 F.2d 447 (1st Cir. 1989) ......................................... 9

*Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 6 (2003) ........................................................ 7

*Boone v. Citigroup, Inc.*, 416 F.3d 382 (5th Cir. 2005) ......................................................... 11

*Caterpillar, Inc. v. Williams,* 481 U.S. 58, 63 (1987) ....................................................... 8, 10

*Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995) ......................... 8

*City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 163 (1997) ..................................... 8

*Daimler Chryster Corp. v. Cuno,* 547 U.S. 332, 342 (2006) .................................................. 11

*Ford v. Property & Cas. Ins. Co. of Hartford*, 2009 WL 4825222 ......................................... 11

*Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 10 (1983) .................................................................................................................. 9, 10

*Gasch v. Hartford Accident & Indemnity Co.,* 491 F.3d 278, 281-282 (5th Cir. 2007) .... 7, 12

*Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936) .......................................................... 8

*Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008) ....................................... 7, 11, and 12

*Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826, (2002) ......... 9, 10

*Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc.,* 81 F. Supp. 3d 543, 549-50 ....................... 11

*Howery v. Allstate Ins. Co.*, 243 F. 3d 912, 916 (5th Cir. 2001), *cert denied*, 534 U.S. 993 (2001) ................................................................................................................................. 11

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994) ......................................... 11

*In re Hot-Hed Inc.*, 477 F3d 320, 323 (5th Cir. 2007) ............................................................ 11

*Jacko v. Thorn Americas, Inc.*, 121 F. Supp. 2d 574, 576 (E.D. Tex. 2000) ........................ 13

*Landry v. Cross Country Bank*, 431 F. Supp. 2d 682, 687 (S.D. Tex. 2003) ....................... 14

*Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908) ........................................ 9

*Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002) .............. 11

*Pullman Co. v. Jenkins*, 305 U.S. 534, 537–38 (1939) ............................................................. 8

*Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008) ................ 12

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) ...................................... 12

*Vaden v. Discover Bank*, 556 U.S. 49, 60-61 (2009) .......................................................... 9, 11

*Virginia Beach Resort & Conference Ctr. Hotel Ass'n v. Certain Interested Underwriters at Lloyd's, London Subscribing to Certificate No AS65009VAP00047*, 812 F. Supp. 2d 762, 765-66 (E.D. Va. 2011) ............................................................................................................. 13


| STATUTES | PAGE(S) |
|---|---|
| 20 U.S.C. § 200d | 4 |
| 28 U.S.C. § 1331 | 1, 7, 8, and 10 |
| 28 U.S.C. § 1332 | 8 |
| 28 U.S.C. § 1441 | 1, 6, 7, and 14 |
| 28 U.S.C. § 1446 | 6, 9, and 12 |
| TEX. EDUC. CODE § 25.902 | 1, 3, 8, and 10 |
| TEX. R. CIV. P. RULE 92 | 4 |

## I. NATURE OF THE PROCEEDING

This is an improper attempt to remove state law claims filed by Plaintiff Barbers Hill Independent School District pursuant 28 U.S.C. § 1441 and 28 U.S.C. § 1331. The Plaintiff's state court suit was limited to questions of state law. Defendant Darresha G. filed federal counterclaims in the state court, then sought to remove the case, based upon the fact that her counterclaims arose under federal law. Plaintiff seeks to remand the case to state court and asserts that the federal court lacks jurisdiction under 28 U.S.C. § 1331.

## II. SUMMARY OF THE ARGUMENT

Plaintiff Barbers Hill ISD filed suit in Chambers County, Texas on September 21, 2023, seeking declaratory judgment under Texas law to obtain clarification on the application of the newly-enacted Texas CROWN Act[1] to its dress and grooming code. Darresha G. is the named Defendant in the Chambers County suit, and her son, D.G., is a student enrolled in Barbers Hill ISD who asserts that the Texas CROWN Act conflicts with the District's dress and grooming code. No federal claims were raised in Plaintiff's pleadings.

In response to Plaintiff's application for declaratory judgment under Texas law, Defendant Darresha G. inverted the parties in the style of the suit, holding herself out

---

[1] House Bill 567, Act of the 88th Texas Legislature (May 27, 2023), codified at TEX. EDUC. CODE § 25.902.

as the "plaintiff" and added federal counterclaims in an effort to manufacture the appearance of federal jurisdiction. She then filed a notice of removal. However, federal courts are courts of limited jurisdiction, and it is well-settled that a defendant's counterclaims do not confer jurisdiction on a federal court supporting removal. Further, by taking action to further the prosecution of her counterclaims in state court, Defendant waived any right to removal. Defendant Darresha G.'s Notice of Removal was improvidently taken, and remand is proper.

### III.    FACTS

Plaintiff Barbers Hill ISD is a public school district located in Chambers County, Texas. The District has adopted a dress and grooming code[2] that provides in relevant part:

> Male students' hair will not extend, at any time, below the eyebrows or below the ear lobes. Male students' hair must not extend below the top of a t-shirt collar or be gathered or worn in a style that would allow the hair to extend below the top of a t-shirt collar, below the eyebrows, or below the ear lobes when let down.

Darresha G. is the parent of D.G., who was a minor child at the time this litigation action was filed. On October 4, 2023, D.G. celebrated his eighteenth birthday and attained the age of majority. D.G. is a Barbers Hill ISD student who wears his hair in locks, braids or twists at a length that exceeds the school district's dress and grooming code hair length restrictions.

---

[2] Accessible at https://www.bhisd.net/departments/student-services/student-handbooks.

On September 1, 2023, the Texas CROWN Act (the "Act")[3] went into effect. The Act provides, in relevant part:

> "Any student dress or grooming policy adopted by a school district, including a student dress or grooming policy for any extracurricular activity, may not discriminate against a hair texture or protective hairstyle commonly or historically associated with race" and defines a "protective hairstyle" to include braids, locks and twists.

D.G. asserts that the Act permits him to wear his hair longer than the District's grooming code permits because his hair is maintained in a protective style as described by the Act. The District does not read the Act to prevent school dress and grooming policies that place limitations on hair length.[4] The conflict between the District and D.G. is immediate and irreconcilable because Barbers Hill ISD wishes to enforce its dress code fairly and uniformly across the District; it also seeks to avoid subjecting any student to discipline if such discipline is prohibited by the Act. Accordingly, to seek clarity on the application of the Act to its dress and grooming code, Barbers Hill ISD filed suit on September 21, 2023 in Cause No. 23-DCV-0776, *Barbers Hill Independent School District v. Darresha G. on behalf of D.G., a minor child*, in the

---

[3] House Bill 567, Act of the 88th Texas Legislature (May 27, 2023), codified at TEX. EDUC. CODE § 25.902.

[4] In fact, the Act's author, Texas Representative Bowers gave a television interview on September 13, 2023, describing the scope of the Act, in which she stated: "It does not protect color change of the hair. It is strongly about protective styles. It is not about length and it's not about color of the hair." The interview may be accessed online at
https://www.wfaa.com/article/news/community/rooted/what-is-the-crown-act-texas-bill-law-what-does-it-cover/287-785f8951-a1f9-4b1f-921f-08a0ef95a2b9#:~:text=The%20bill%20outlaws%20discrimination%20in,texture%20historically%20associated%20with%20race .

3

253rd Judicial District Court, Chambers County, Texas (the "State Case"). Doc. 3-1. By way of its suit, Barbers Hill ISD asked the Chambers County District Court to issue an expedited ruling on the application of the Act to its dress and grooming code restriction on male students' hair length. Doc. 3-1, at 5. No federal claims were asserted.

In response to the District's September 21, 2023 Declaratory Judgment Action, Darresha G. took the following actions:

1. On September 26, 2026, Darresha G. filed her answer in the State Case, by way of a general denial made pursuant to TEX. R. CIV. P. Rule 92. Doc. 3-2, at 1. However, Darresha G. modified the style of the State Case, when filing her answer; she inverted the parties in the style of the case, naming herself as the "Counter plaintiff" and Barbers Hill ISD (together with its superintendent, high school principal and high school assistant principal) as the "Defendants." In her responsive pleading in the State Case, Darresha G. also added counterclaims arising under Title VI of the Civil Rights Act of 1964 and the Texas CROWN Act; sex discrimination pursuant to the 14th Amendment's Equal Protection Clause of the United States Constitution and Title IX of the Education Amendments of 1972, 20 U.S.C. § 200d; freedom of speech/ freedom of expression action under the First

4

Amendment of the United States Constitution and Due Process violations under the 14th Amendment of the United States Constitution as well as state law tort claims. She requested that the state court issue declaratory judgment, a temporary restraining order, and permanent injunction. Doc. 3-2, at 14-16. Darresha G. also added counterclaims against Dr. Greg Poole, Superintendent of Barbers Hill ISD, Lance Murphy, Principal of Barbers Hill High School, and Ryan Rodriguez, Barbers Hill High School Assistant Principal. Doc. 3-2, at 3-4. None of those individuals have been served and none have consented to removal.

2. Also on September 26, 2023, Darresha G. filed a Notice of Removal in the State Case. Doc. 3-3. In her notice of removal, Darresha G. identified herself as the "Plaintiff" and the Barbers Hill ISD as the "Defendant" in the style of the case and in the Federal court's electronic filing system. Doc. 3-3, at 1.

3. On October 9, 2023, Darresha G. filed her Amended Notice of Removal, which did not include a Certificate of Conference, as required by Local Rule 7.1. Doc. 3. The Amended Notice is incorrectly docketed as an "Agreed Amended Removal". No agreement exists between the parties for such removal. Additionally, Darresha G. continues to incorrectly identify herself

as the "Plaintiff" and the Barbers Hill ISD as the "Defendant" in the style of the case. Doc. 3.

Based upon Darresha G.'s counterclaims raised in her September 26, 2023 Answer and Counterclaims, which included federal claims against Barbers Hill ISD and its administrators, Darresha G. argues:

> Since this Court would thus have had original 'federal question' jurisdiction under Title VI of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e et seq; 42 U.S.C. Section 1983 and 1988 et seq., if Defendant's counterclaims had been filed originally in federal court, jurisdiction over this case is exercisable by removal under 28 U.S.C. § 1441(a) & (b). Doc. 3, at 2.

Darresha G. completely misstates the basis for federal court jurisdiction; she cannot create removal jurisdiction by counterclaim or by disingenuously inverting the parties' role in her responsive pleadings.

### IV.  REMOVAL IS IMPROPER; REMAND TO THE STATE COURT IS REQUIRED.

In order to remove an action from State to Federal court, a "defendant or defendants desiring to remove any civil action from a state court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action. 28 U.S.C. § 1446 (a). A civil action filed in a state court may be removed to federal court if the claim is one "arising under" federal

6

law. 28 U.S.C. § 1441(b). To determine whether the claim arises under federal law, the court should examine the well pleaded allegations of the complaint and ignore any potential defenses; for this reason, absent diversity jurisdiction, as a general rule a case will not be removable if the plaintiff does not affirmatively allege a federal claim. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003).

Defendant Darresha G. identifies herself as the "Plaintiff" and mischaracterizes her pleading as "agreed". Doc. 3. Although her pleadings were signed pursuant to Rule 11--meaning that Darresha G. and her attorney attest that the notice of removal was not made for improper purpose, are warranted by existing law, and the factual averments contained therein had evidentiary support-- the attempt to remove Plaintiff Barbers Hill ISD's state court claims to federal court is unsupported by fact or law and is wholly improper. Immediate remand is proper.

### A. Plaintiff Barbers Hill ISD's State Case contains a single cause of action arising solely under Texas law. Because no federal claims are raised, remand is required.

As a general matter, defendants may remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); *Gasch v. Hartford Accident & Indemnity Co.,* 491 F.3d 278, 282 (5th Cir. 2007); *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008) ("A district court has removal jurisdiction in any case where it has original jurisdiction."). The original jurisdiction may be federal question jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil

7

actions arising under the Constitution, laws, or treaties of the United States") or diversity jurisdiction under 28 U.S.C. § 1332(a) (where there is complete diversity of citizenship between the sides and the amount in controversy exceeds the sum of $75,000.00, excluding interest and costs). Only federal question jurisdiction is raised here by Defendant Darresha G. in support of her petition for removal. Doc. 3, at 2.

The propriety of removal based upon a federal question depends on whether the case originally could have been filed in federal court. *Caterpillar, Inc. v. Williams*, 481 U.S. 58, 63 (1987). Federal district courts have original jurisdiction under the federal question statute over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. It is well established that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises an essential element of federal law. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997). To determine whether removal is proper, the Court must limit its analysis to the plaintiff's pleading as it exists at the time of the petition for removal. *Pullman Co. v. Jenkins*, 305 U.S. 534, 537– 38 (1939); *Cavallini v. State Farm Mutual Auto Ins.*, 44 F.3d 256, 264 (5th Cir. 1995).

At the time the petition for removal was filed, Barbers Hill ISD, in its original petition for declaratory relief, raised only one cause of action, an action under Chapter 37 of the Texas Civil Practices and Remedies Code, seeking interpretation of newly-enacted Texas Education Code Section 25.902. Doc. 3-1*,* at 2-3. Plaintiff's claims

8

raise questions of state law, and no Constitutional question or federal statute was invoked.

Under the longstanding well-pleaded complaint rule, a suit "arises under" federal law "only when the *plaintiff's* statement of his own cause of action shows that it is based upon [federal law]." *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908) (emphasis added). Federal jurisdiction cannot be predicated on an actual or anticipated defense, nor can it rest upon an actual or anticipated counterclaim. *Id.*, *Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.,* 535 U.S. 826, 832 (2002). The Supreme Court has noted that it would undermine the clarity and simplicity of the "well-pleaded complaint" rule if federal courts were obliged to consider the contents not only of the complaint but also of responsive pleadings in order to determine whether a case "arises under" federal law; the well-pleaded complaint rule does not allow a defendant to remove a case "simply by raising a federal counterclaim." *Holmes Group,* 535 U.S. at 832; *Vaden v. Discover Bank,* 556 U.S. 49, 60-61 (2009); *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 10 (1983) ("The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction."). Put another way, 28 U.S.C. § 1446 authorizes removal only by defendants and only on the basis of claims brought *against* them, and not on the basis of counterclaims asserted *by* them. *Ballard's Serv. Ctr., Inc. v. Transue,* 865 F.2d 447, 449 (1st Cir. 1989).

Plaintiff's claim in this case is simple; the Texas Legislature recently enacted a

state law, Section 25.902 of the Texas Education Code, that places the District and D.G. in conflict. The District seeks expedited judicial interpretation from the State court as to whether the new state law has any impact on the District's dress and grooming code. Taking the District's well-pleaded claims present at the time the petition for removal was filed, there is no federal claim raised in the State Case. At the time it was filed, Plaintiff's claim originally could *not* have been filed in federal court. See *Caterpillar, Inc.*, 481 U.S. at 63; 28 U.S.C.§1331.

Darresha G., in her original answer and counterclaims, raises federal counterclaims of her own, and uses those federal counterclaims as the asserted basis for Federal court jurisdiction. Doc. 3-2, at 5. Further, the federal counterclaims raised in the State Case are cookie-cutter duplicate claims she raised against the same defendants as a plaintiff in a separate federal action. *Darresha George, Individually and a/n/f/ D.G. and D.G. v. Grag Abbott, et al.*, Cause No. 4:23-cv-03609, In the United States District Court for the Southern District of Texas. Her reliance on her own counterclaims as grounds for removal is misplaced. It is well-settled that a defendant cannot create federal question jurisdiction by bringing federal counterclaims in the state court. *Holmes Group,* 535 U.S. at 832; *Franchise Tax Bd. of Cal.,* 463 U.S. at 10. As the United States Supreme Court has clearly explained:

> A *complaint* purporting to rest on state law, we have recognized, can be recharacterized as one "arising under" federal law if the law governing the complaint is exclusively federal…. A state-law-based *counterclaim,* however, even if similarly susceptible to recharacterization, would remain nonremovable… counterclaims, even if they rely exclusively on

10

federal substantive law, do not qualify a case for federal-court cognizance.

*Vaden*, 556 U.S. at 61-62. Because Darresha G.'s sole basis for federal question jurisdiction lies in her own counterclaims, removal is improper and remand is required.

### B. Defendant Darresha G. bears the burden of showing that removal is proper; otherwise, it is presumed that the Federal court lacks jurisdiction.

In response to Plaintiff's Motion for Remand, Defendant Darresha G. as the removing party bears the burden of showing that federal question subject matter jurisdiction exists, and that removal is proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002); *Daimler Chryster Corp. v. Cuno*, 547 U.S. 332, 342 (2006); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *In re Hot-Hed Inc.*, 477 F3d 320, 323 (5th Cir. 2007). Any doubts must be construed against removal because the removal statute is strictly construed in favor of remand. *Id., Honey Holdings I, Ltd. v. Alfred L. Wolff, Inc.*, 81 F. Supp. 3d 543, 549-50 (S.D. Tex. 2015); *Ford v. Property & Cas. Ins. Co. of Hartford*, 2009 WL 4825222 (S.D. Tex. Dec. 9, 2009).

The Federal court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F. 3d 912, 916 (5th Cir. 2001), *cert denied*, 534 U.S. 993 (2001), *citing Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382 (5th Cir. 2005).

Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gutierrez*, 543 F.3d at 251; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). District courts have no power to overlook procedural errors relating to the notice of removal; instead, a district court must remand a case which was removed pursuant to a procedurally defective notice. *Shamrock Oil & Gas Corp.*, 313 U.S. at 108-09. "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008).

Darresha G. initially failed to comply with the minimal filing requirements for removal inasmuch as she failed to file "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. §1446(a). In her Amended Notice of Removal, Darresha G. fails to demonstrate that Plaintiff Barbers Hill ISD's complaint seeking declaratory judgment and judicial interpretation of the new Texas CROWN Act "arises under" federal law. Because the Federal courts have limited jurisdiction, Darresha G. bears the burden of establishing that the Federal court has jurisdiction. In the absence of such showing, the case must be immediately remanded.

### C. Defendant Darresha G. has waived any right to remove to federal court by filing an answer and counterclaims in the State Case.

By filing permissive counterclaims in the State Case, Defendant Darresha G. has engaged in substantive defensive action in that case, subjecting her to the continuing jurisdiction of the State district court: "A defendant may waive the right to remove by taking … substantial defensive action in the state court before petitioning for removal." *Aqualon Co. v. Mac Equip.,* 149 F.3d 262, 264 (4th Cir.1998). Defendants may waive their right to remove an action to Federal court "by proceeding to defend the action in state court or otherwise invoking the process of that court." *Jacko v. Thorn Americas, Inc.*, 121 F. Supp. 2d 574, 576 (E.D. Tex. 2000).

In *Badaiki v. Schlumberger Holdings Corp.*, this Court noted that there are two factors that guide the Court in determining whether a party's right to remove has been waived: (1) did the Defendant take action in state court for purpose of preserving the status quo, or (2) did the Defendant's action in state court "manifest an intent to litigate the merits of the claim?" *Badaiki v. Schlumberger Holdings Corp.,* 512 F. Supp. 3d at 745; *see also Jacko*, 121 F.Supp 2d at 576. Where a defendant voluntarily elects to file permissive counterclaims in the state court, for example, the defendant waives removal by voluntarily availing herself of the state court's jurisdiction. *Virginia Beach Resort & Conference Ctr. Hotel Ass'n v. Certain Interested Underwriters at Lloyd's, London Subscribing to Certificate No AS65009VAP00047*, 812 F. Supp. 2d 762, 765-66 (E.D. Va. 2011). Darresha G.'s filing of permissive federal counterclaims did not serve to

"preserve the status quo"; on the contrary, the permissive counterclaims demonstrate an "intent to litigate the merits of the claim". Specifically, Defendant Darresha G. makes extensive factual assertions regarding her race discrimination, disparate impact and CROWN Act claims, sex discrimination claims, Equal protection claims, First Amendment claims, and state law tort claims. Doc. 3-2, at 2, 9-13. Darresha G. also seeks affirmative relief from the State court by way of declaratory judgment, as well as temporary and permanent injunctive relief. Doc. 3-2, at 14-15. These permissive counterclaims are all made in the State Case and serve to waive Darresha G.'s right--if, indeed, any exists-- to removal. *Landry v. Cross Country Bank*, 431 F. Supp. 2d 682, 687 (S.D. Tex. 2003) (the filing of a permissive counterclaim may waive a defendant's right of removal).

## V. CONCLUSION AND PRAYER

Plaintiff Barbers Hill ISD filed its action in state district court seeking declaratory relief with respect to a newly-enacted state law on September 21, 2023 alleging claims arising solely under Texas law. Defendant Darresha G., acting on behalf of her son, filed an Answer, federal counterclaims, and a notice of removal in this action on September 26, 2023. Plaintiff's Motion to Remand is timely, as it is made within 30 days of Defendant's Notice of Removal. 28 U.S.C. § 1441(e)(B). Defendant's Notice of Removal was improperly made, as it relies on federal question jurisdiction solely contained in counterclaims brought in the State Case, contrary to well-established federal law. Further, by making permissive counterclaims in the State

Case, Defendant engaged in substantial defensive action and waived her right of removal. Accordingly, Plaintiff respectfully prays that this action be immediately remanded to the Chambers County District Court.

                                                  Respectfully submitted,

                                                  LEON | ALCALA, PLLC
                                                  2901 Via Fortuna
                                                  Bldg. 6, Suite 475
                                                  Austin, Texas 78746
                                                  T: (512) 637-4244
                                                  F: (512) 637-4245
                                                  */s/ Sara Hardner Leon*
                                                  Sara Hardner Leon
                                                  Lead Attorney
                                                  State Bar No. 08980250
                                                  */s/ Michelle Alcala*
                                                  Michelle Alcala
                                                  State Bar No. 24040403
                                                  ***ATTORNEYS FOR PLAINTIFF BARBERS HILL INDEPENDENT SCHOOL DISTRICT***

## CERTIFICATE OF CONFERENCE

I certify that counsel for Movant has conferred with counsel for Respondent and counsel cannot agree about the disposition of this motion.

*/s/ Sara Hardner Leon*
Sara Hardner Leon

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and attached Plaintiff Barbers Hill Independent School District's Motion to Remand was electronically filed and served via the Court's CM/ECF filing system.

*/s/ Sara Hardner Leon*
Sara Hardner Leon