United States District Court
Southern District of Texas

**ENTERED**

December 20, 2023

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BARBERS HILL INDEPENDENT SCHOOL DISTRICT, | § § § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-3681 |
| DARRESHA G., | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER REMANDING CASE

Before the Court is a motion to remand filed by the plaintiff, Barbers Hill Independent School District ("Barbers Hill"). The motion (Dkt. 10) is **GRANTED**. This case is **REMANDED** to the 253rd Judicial District Court of Chambers County, Texas, where it was assigned cause number 23DCV0776.

## FACTUAL AND PROCEDURAL BACKGROUND

Barbers Hill sued Defendant Darresha G. (who is acting on behalf of D.G., a minor child, and to whom the Court will refer as "Darresha") in Texas state court under the Texas Declaratory Judgment Act, seeking a judicial declaration that the newly enacted Section 25.902 of the Texas Education Code ("the CROWN Act") "does not render unlawful those portions of [Barbers Hill's] dress and grooming restrictions limiting male student hair length." (Dkt. 3-1 at pp. 4–5). Barbers Hill did not plead any other causes of action and did not seek any other relief. (Dkt. 3-1).

Darresha removed this case to this Court under the federal question jurisdiction statute, 28 U.S.C. § 1331. (Dkt. 1; Dkt. 3).

## LEGAL STANDARDS

A defendant may remove to federal court a state-court civil action over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a); *see Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). Because it implicates important federalism concerns, removal jurisdiction is strictly construed. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921–22 (5th Cir. 1997). Any doubts concerning removal must be resolved in favor of remand, *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000), and the federal court "must presume that a suit lies outside [its] limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The removing party bears the burden of establishing by a preponderance of the evidence that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331. An action can "arise under" federal law as contemplated in Section 1331 in two ways. The first and more obvious way is where a well-pleaded complaint explicitly asserts a cause of action created by federal law. *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013); *Singh v. Duane Morris LLP*, 538 F.3d 334, 337 (5th Cir. 2008).

The second way is where a well-pleaded complaint asserts a state-law cause of action that "necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities[.]" *Venable*, 740 F.3d at 941 (quoting

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)) (brackets omitted); *see also Singh*, 538 F.3d at 338. A state-law cause of action does not raise a federal issue simply because the parties may ultimately litigate a federal issue, *Venable*, 740 F.3d at 942–43; *Singh*, 538 F.3d at 338, and a civil action does not arise under federal law by dint of a "mention of federal law" in its articulation of a state-law claim. *Howery*, 243 F.3d at 917–19. Rather, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Venable*, 740 F.3d at 943 (quoting *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)) (brackets and capitalization omitted); *see also Singh*, 538 F.3d at 338 (noting that resolution of the federal issue must be "*necessary* to resolution of the state-law claim") (emphasis added).

Ultimately, the determination of whether a state-law claim raises a federal issue that confers subject matter jurisdiction on the federal courts is a "contextual" one for which there is no "bright-line rule[.]" *Grable*, 545 U.S. at 317–18. Under the well-pleaded complaint rule, the court limits its inquiry to "what necessarily appears in the plaintiff's statement of his own claim . . . unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Venable*, 740 F.3d at 942 (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76 (1914)). Moreover, the district court looks at "the state court complaint as it exists at the time of removal[.]" *Cavallini v. State Farm Mutual Insurance Co.*, 44 F.3d 256, 264–65 (5th Cir. 1995); *see also Turner v. GoAuto Insurance Co.*, 33 F.4th 214, 215, 217 (5th Cir. 2022) ("When a case is removed from state court to federal court and the plaintiff seeks to have the case remanded, we evaluate the

complaint at the time of removal.").

## ANALYSIS

Barbers Hill's state-court pleading asserts no causes of action created by federal law and, in fact, does not mention federal law at all. (Dkt. 3-1). To establish federal question jurisdiction, then, Darresha must show that "a right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one," of Barbers Hill's state-law cause of action. *Venable*, 740 F.3d at 943 (brackets and capitalization omitted). Darresha has failed to make that showing.

Darresha contends that removal of this case was proper because she "had identical pending claims already in federal court in another case and because the claims that [Barbers Hill] brought could have been brought in federal court making them ripe for removal." (Dkt. 11 at p. 4). The first contention, even if true, is irrelevant; the second is incorrect.

### A. *Related case*

Darresha first argues that the Court has jurisdiction over this case because this case is related to Southern District of Texas case number 4:23-CV-3609. (Dkt. 11 at p. 3). Even assuming that such a relationship exists between the two cases, it is immaterial. The Court must determine whether it has subject matter jurisdiction over this case solely by examining Barbers Hill's state-court pleading as it existed at the time of removal. *Cavallini*, 44 F.3d at 264–65; *Turner*, 33 F.4th at 215, 217. Here, Barbers Hill's state-court pleading does not raise a federal issue, and Darresha cannot create subject matter jurisdiction over this case by trying to consolidate it with another case. *See Traub Rodite, LLC v. Westchester Surplus Lines Insurance Co.*, No. 2:23-CV-537, 2023 WL 6519522, at *2 (M.D. Fla. Sept. 18,

2023) ("Defendant puts the cart before the horse. The Court tests subject matter jurisdiction at the time of removal. So it cannot consolidate the related cases and then assess if the amount in controversy is satisfied. Nor could the Court consolidate cases over which it has no subject matter jurisdiction.") (citations omitted).

### B. The Declaratory Judgment Act

Next, Darresha argues that removal was proper because Barbers Hill could have brought its claims in federal court. This contention is incorrect.

Barbers Hill brought its claims in state court solely under the Texas Declaratory Judgment Act. (Dkt. 3-1 at pp. 4–5). Generally, "[w]hen a declaratory judgment action is filed in state court and is subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act." *Bell v. Bank of America Home Loan Servicing LP*, No. 4:11-CV-2085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (J. Ellison). However, "[a] claim under the Declaratory Judgment Act is insufficient to confer federal question jurisdiction under 28 U.S.C. § 1331." *Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 293 (5th Cir. 2019). "[T]he Declaratory Judgment Act alone does not create a federal cause of action. In a case of actual controversy within its jurisdiction, the Declaratory Judgment Act only authorizes a federal court to declare the rights and other legal relations of any interested party seeking such declaration." *Harris County Texas v. MERSCORP Inc.*, 791 F.3d 545, 552 (5th Cir. 2015). In short, "[a] declaratory judgment claim is not jurisdiction-conferring; there must be an independent basis for federal jurisdiction." *Budget Prepay, Inc. v. AT&T Corp.*, 605 F.3d 273, 278 (5th Cir. 2010).

Darresha has not established an independent basis for federal jurisdiction. Barbers

Hill's claims seek a judicial declaration that the CROWN Act "does not render unlawful those portions of [Barbers Hill's] dress and grooming restrictions limiting male student hair length." (Dkt. 3-1 at pp. 4–5). The declaration that Barbers Hill seeks is purely a matter of state law, and on this record this case could not have been brought in federal court.

### C.  The Court's ruling

The Court concludes that Darresha has not met her burden to show by a preponderance of the evidence that federal jurisdiction exists and that removal was proper.

## CONCLUSION

Barbers Hill's motion to remand (Dkt. 10) is **GRANTED**. This case is **REMANDED** to the 253rd Judicial District Court of Chambers County, Texas, where it was assigned cause number 23DCV0776. The Clerk is directed to provide a copy of this order to the parties. The Clerk is further directed to send a certified copy of this order via certified mail, return receipt requested, to the District Clerk of Chambers County, Texas and the Clerk of the 253rd Judicial District Court of Chambers County, Texas.

Any other pending motions are **DENIED as moot**.

SIGNED at Houston, Texas on December 20, 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE